# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------x
KRISTINA NACAJ,

                *Plaintiff,*

-against-

JASON C. PEAVY, TRANS-PORTE, INC. and
US FOODS, INC.

                *Defendants.*
-------------------------------------------------------------x

Index No.:

Date Filed:

Plaintiff designates
Bronx County as place of trial

# SUMMONS

**Basis of Venue:**
Plaintiff's Residence

**Plaintiff's Residence:**
2950 Roberts Avenue
Bronx, New York 10461

**YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after service is complete if this summons is not personally delivered to you within the State of New York), and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       July 26, 2021

                                             Yours, etc.

                                             **GUSTMAN LAW, P.C.**
                                             By: Brian Gustman, Esq.
                                             *Attorney(s) for Plaintiff*
                                             11 Broadway – Suite 615
                                             New York, New York 10004
                                             (718) 855-5588

**Defendants' Address:**

**JASON C. PEAVY**
506 Comstock Street
Asbury Park, New Jersey 07712
*(Via Secretary of State)*

**TRANS-PORTE, INC.**
9399 West Higgins Road, Suite 100
Rosemont, Illinois 60018
*(Via Secretary of State)*

**US FOODS, INC.**
9399 West Higgins Road, Suite 500
Rosemont, Illinois 60018
*(Via Secretary of State)*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
----------------------------------------------------------------x
KRISTINA NACAJ,

                *Plaintiff,*

   -against-

JASON C. PEAVY, TRANS-PORTE, INC. and
US FOODS, INC.

                *Defendants.*
----------------------------------------------------------------x

Index No.:

**VERIFIED COMPLAINT**

Plaintiff, by and through her attorneys, **GUSTMAN LAW, P.C.**, complaining of the defendants herein, respectfully alleges, upon information and belief, as follows:

1. That at all times relevant herein, the plaintiff, KRISTINA NACAJ, was and still is a resident of the County of Bronx, City and State of New York.

2. On the 9th day of July 2020, the defendant, JASON C. PEAVY, was the owner of a certain motor vehicle bearing Indiana State license plate registration number 2783653 for the year 2020.

3. On the 9th day of July 2020, the defendant, JASON C. PEAVY, was the operator of the aforesaid motor vehicle bearing Indiana State license plate registration number 2783653.

4. On the 9th day of July 2020, the defendant, JASON C. PEAVY, was operating the aforesaid motor vehicle bearing Indiana State license plate registration number 2783653 with the knowledge, permission and consent, expressed and/or implied, of the owner of said vehicle.

5. On the 9th day of July 2020, the defendant, JASON C. PEAVY, was operating the aforesaid motor vehicle bearing Indiana State license plate registration number 2783653 with the knowledge, permission and consent, expressed or implied, of defendant, TRANS-PORTE, INC.

6. On the 9th day of July 2020, the defendant, JASON C. PEAVY, was operating the aforesaid motor vehicle bearing Indiana State license plate registration number 2783653 with the knowledge, permission and consent, expressed or implied, of defendant, US FOODS, INC.

7. On the 9th day of July 2020, the defendant, JASON C. PEAVY, operated the aforesaid motor vehicle bearing Indiana State license plate registration number 2783653 within the scope and course of his employment for defendant, TRANS-PORTE, INC.

8. On the 9th day of July 2020, the defendant, JASON C. PEAVY, operated the aforesaid motor vehicle bearing Indiana State license plate registration number 2783653 within the scope and course of his employment for defendant, US FOODS, INC.

9. On the 9th day of July 2020, the defendant, JASON C. PEAVY, maintained the aforesaid motor vehicle bearing Indiana State license plate registration number 2783653.

10. On the 9th day of July 2020, the defendant, JASON C. PEAVY, managed and controlled the aforesaid motor vehicle bearing Indiana State license plate registration number 2783653.

11. That at all times relevant herein, the defendant, TRANS-PORTE, INC., was and still is a foreign business corporation existing under the virtue of the State of New York.

12. That at all times relevant herein, the defendant, TRANS-PORTE, INC., was and still is a domestic duly organized limited liability company existing under the virtue of the State of New York.

13. That at all times relevant herein, the defendant, TRANS-PORTE, INC., was and still is a domestic duly organized business corporation existing under the virtue of the State of New York.

14. That at all times relevant herein, the defendant, TRANS-PORTE, INC., was and still is a foreign duly organized business corporation existing under the virtue of the State of New York.

15. That at all times relevant herein, the defendant, TRANS-PORTE, INC., did and still does derive substantial revenue from goods used or consumed or services rendered in New York State.

16. That at all times relevant herein, the defendant, TRANS-PORTE, INC., does and/or did solicit business in the State of New York.

17. On the 9th day of July 2020, the defendant, TRANS-PORTE, INC., was the owner of a certain motor vehicle bearing Indiana State license plate registration number 2783653 for the year 2020.

18. On the 9th day of July 2020, the defendant, TRANS-PORTE, INC., operated the aforesaid motor vehicle bearing Indiana State license plate registration number 2783653.

19. On the 9th day of July 2020, the defendant, TRANS-PORTE, INC., maintained the aforesaid motor vehicle bearing Indiana State license plate registration number 2783653.

20. On the 9th day of July 2020, the defendant, TRANS-PORTE, INC., managed and controlled the aforesaid motor vehicle bearing Indiana State license plate registration number 2783653.

21. That at all times relevant herein, the defendant, US FOODS, INC., was and still is a foreign business corporation existing under the virtue of the State of New York.

22. That at all times relevant herein, the defendant, US FOODS, INC., was and still is a domestic duly organized limited liability company existing under the virtue of the State of New York.

23. That at all times relevant herein, the defendant, US FOODS, INC., was and still is a domestic duly organized business corporation existing under the virtue of the State of New York.

24. That at all times relevant herein, the defendant, US FOODS, INC., was and still is a foreign duly organized business corporation existing under the virtue of the State of New York.

25. That at all times relevant herein, the defendant, US FOODS, INC., did and still does derive substantial revenue from goods used or consumed or services rendered in New York State.

26. That at all times relevant herein, the defendant, US FOODS, INC., does and/or did solicit business in the State of New York.

27. On the 9th day of July 2020, the defendant, US FOODS, INC., was the owner of a certain motor vehicle bearing Indiana State license plate registration number 2783653 for the year 2020.

28. On the 9th day of July 2020, the defendant, US FOODS, INC., operated the aforesaid motor vehicle bearing Indiana State license plate registration number 2783653.

29. On the 9th day of July 2020, the defendant, US FOODS, INC., maintained the aforesaid motor vehicle bearing Indiana State license plate registration number 2783653.

30. On the 9th day of July 2020, the defendant, US FOODS, INC., managed and controlled the aforesaid motor vehicle bearing Indiana State license plate registration number 2783653.

31. On the 9th day of July 2020 and at all times relevant herein the plaintiff, KRISTINA NACAJ, was the operator of a certain motor vehicle bearing New Jersey State license plate registration number W81LMG for the year 2020.

32. That at all times relevant herein, the parking lot commonly known and identified as 254 South Main Street at or near its intersection with South Main Street, in the County of Rockland, State of New York, was and still is a public thoroughfare.

33. On the 9th day of July 2020, at or about the aforesaid location, the aforesaid motor vehicle bearing Indiana State license plate registration number 2783653 came into contact with the aforesaid motor vehicle bearing New Jersey State license plate registration number W81LMG.

34. That said contact between the aforesaid motor vehicles and the resulting injuries were caused by reason of the carelessness, recklessness and negligence of the defendants herein, without any negligence on the part of the plaintiff contributing thereto.

35. That as a result of the foregoing, the plaintiff, KRISTINA NACAJ, was caused to be seriously injured, and to sustain painful, permanent, and disabling personal injuries requiring medical care and treatment, resulting in vocational and occupational disability.

36. That as a result of the foregoing, the plaintiff, KRISTINA NACAJ, sustained a Serious Injury as defined by Section §5102 of the Insurance Law of the State of New York.

37. That as a result of the foregoing, the plaintiff, KRISTINA NACAJ, sustained a loss and/or will continue to accrue losses greater than Basic Economic Loss as defined in Section §5102 of the Insurance Law of the State of New York.

38. That this action falls within one or more of the exceptions set forth in C.P.L.R. Section 1602, including but not necessarily limited to §1602(6). Plaintiff defers all issues of law to the Court for resolution at the time of trial.

39. That by reason thereof, the plaintiff, KRISTINA NACAJ, has been damaged in a substantial sum of money, in an amount to be determined by the Court and/or a jury at trial, in excess of the jurisdictional limits of all lower Courts which might have jurisdiction over the action.

*WHEREFORE*, the plaintiff, KRISTINA NACAJ, demands judgment of the defendants, jointly and severally, for an amount to be determined by the Court and/or a jury at trial, together with interest, costs and disbursements of this action.

Dated: New York, New York
July 26, 2021

BRIAN GUSTMAN, ESQ.

STATE OF NEW YORK )
)  ss.:
COUNTY OF NEW YORK )

**BRIAN GUSTMAN, ESQ.**, being duly sworn, affirms and says that:

He is an attorney duly admitted to practice law in the State of New York and is a member of the firm of **GUSTMAN LAW, P.C.** in the within action; that he has read the foregoing Summons and Verified Complaint and knows the contents thereof, that the same is true to the best of his own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters he believes them to be true.

The reason this verification is not made by the plaintiff is that plaintiff resides and is located outside the County where the attorney maintains his office.

The source of deponent's information and the grounds for his belief, as to those matters stated upon information and belief, are statements furnished to deponent by plaintiff, personal investigation of this matter and from records in deponent's file.

I affirm the foregoing statements to be true under the penalties of perjury.

Dated: New York, New York
July 26, 2021

BRIAN GUSTMAN, ESQ.

Index No.:       Year: 2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

KRISTINA NACAJ

        Plaintiff,

-against-

JASON C. PEAVY, TRANS-PORTE, INC. and
US FOODS, INC.

        Defendant(s).

## SUMMONS AND VERIFIED COMPLAINT

### GUSTMAN LAW P.C.

Attorney(s) for: **PLAINTIFF**
11 BROADWAY – SUITE 615
NEW YORK, NEW YORK 10004
TEL: (718) 855-5588

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous.

Dated: July 26, 2021,
       New York, New York

Signature
Printed Name:   BRIAN GUSTMAN, ESQ.

PLEASE TAKE NOTICE

☐ NOTICE OF ENTRY    that the within is a (certified) true copy of a entered in the office of the clerk of the within named Court on _____ 20__

☐ NOTICE OF SETTLEMENT    that an Order of which the within is a true copy will be presented for settlement to the Hon. _____ at on _____ 200__ , at _____ M.

### GUSTMAN LAW P.C.
Attorney(s) for: **PLAINTIFF**
11 BROADWAY-SUITE 615
NEW YORK, NEW YORK 10004